IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AUTO OWNERS INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-300-GPM |
| ) | |
| DONNA MABRA, as Special Administrator ) | |
| of the Estate of Donald Baker, Deceased, and ) | |
| JAMIE CORTES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On May 30, 2010, the Court ordered sua sponte Plaintiff Auto Owners Insurance Company ("Auto Owners") to show cause not later than Tuesday, June 15, 2010, why this case should not be dismissed under Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332. On June 17, 2010, Auto Owners filed a stipulation of dismissal (Doc. 6), which the Court construes as a notice of voluntary dismissal. Pursuant to Rule 41 of the Federal Rules of Civil Procedure, a plaintiff has an absolute right to dismiss a case voluntarily by notice at any time before an answer or a motion for summary judgment has been filed, and the notice is effective upon filing to close the case without the necessity of judicial action. *See* Fed. R. Civ. P. 41(a)(1)(A)(i); *Smith v. Potter*, 513 F.3d 781, 782-83 (7th Cir. 2008); *Scam Instrument Corp. v. Control Data Corp.*, 458 F.2d 885, 889 (7th Cir. 1972) (quoting *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963)); *Hare v. Abbott Labs.*, No. 97 C 2692, 1997 WL 223056, at *1 (N.D. Ill. Apr. 29, 1997); *Miller v. Stewart*, 43 F.R.D. 409, 411

(E.D. Ill. 1967). *See also* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2363 (3d ed. 1998 & Supp. 2009) ("[T]he notice is effective at the moment it is filed with the clerk . . . . No order of the court is required and the district judge may not impose conditions.") (footnote omitted) (collecting cases). Further, the right to voluntary dismissal by notice obtains even where a district court's subject matter jurisdiction is in question. *See Belleville v. Cottrell, Inc. Auto Handling Corp.*, No. 09-cv-962-JPG-CJP, 2009 WL 5030757, at *1 (S.D. Ill. Dec. 16, 2009); *Crook v. WMC Mortgage Corp.*, No. 06-cv-535-JPG, 2006 WL 2873439, at *1 (S.D. Ill. Oct. 5, 2006). *Accord University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (citing *Nix v. Fulton Lodge No. 2 of Int'l Ass'n of Machinists & Aerospace Workers*, 452 F.2d 794, 797-98 (5th Cir. 1971)). Neither an answer nor a motion for summary judgment has been filed by Defendant Donna Mabra, who is sued as the legal representative of Donald Baker, deceased, or by Defendant Jamie Cortes, and therefore the notice of voluntary dismissal is effective to close this case.[1] The Clerk of Court is directed to terminate this case on the Court's electronic docket.

    **IT IS SO ORDERED.**

    DATED: June 22, 2010

                                      /s/ G. Patrick Murphy
                                      G. PATRICK MURPHY
                                      United States District Judge

---

1. The Court notes that the result would be the same if the notice of dismissal were treated as a stipulation of dismissal, given that Auto Owners is the only party that has appeared in this case to date. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii); *Jenkins v. Village of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007).